

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

STATE OF WEST VIRGINIA ex rel.
DARREL V. McGRAW, JR.,
ATTORNEY GENERAL,

           Plaintiff,

v.                                  Civil Action No.  2:08-1292

                                            # 23030

CASHCALL, INC., and
J. PAUL REDDAM, in his capacity as
President and CEO of CashCall, Inc.,

           Defendants.

## NOTICE OF REMOVAL

### TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Defendant CashCall, Inc. ("CashCall"), by counsel, hereby give notice, pursuant to 28 U.S.C. §§1331, 1441, and 1446, of the removal of the action commenced in the Circuit Court of Kanawha County, West Virginia, identified below.  In support of this removal, CashCall states as follows:

1.      On October 8, 2008, plaintiff State of West Virginia, ex rel Darrell V. McGraw, Jr., Attorney General (the "Attorney General") filed a "Complaint for Injunction, Consumer Restitution, Civil Penalties, and Other Appropriate Relief" (the "Complaint") to commence a civil action against Defendants, in the Circuit Court of Kanawha County, West Virginia, styled as *State of West Virginia, ex rel. Darrell V. McGraw, Jr., Attorney General, v. CashCall, Inc.,*

*and J. Paul Reddam, in his capacity as President and CEO of CashCall, Inc.*, Civil Action No. 08-C-1964 (Bloom).

2.      Copies of a Complaint were submitted to the West Virginia Secretary of State on October 9, 2008, and were received by the registered agent for CashCall on October 16, 2008. Defendant Reddam has not been served.

3.      Removal of this action is timely pursuant to 28 U.S.C. $1448(b), as this Notice of Removal is filed within thirty (30) days of service on CashCall.

4.      Plaintiff is the duly elected Attorney General for the State of West Virginia.

5.      CashCall is a foreign corporation incorporated under the laws of the State of California, and having offices in California and Nevada.  CashCall does not maintain any offices, agents, employees, or property in the State of West Virginia.

6.      Reddam is an individual citizen of the State of California.  He does not own any property in the state of West Virginia.

7.      Generally, all defendants in an action must consent to removal.  *See* Mullins v. Hinkle, 953 F.Supp. 744, 749 (citations omitted). *See also* Baldwin v. Perdue, Inc., 451 F.Supp. 373 (E.D.Va. 1978); Lapoint v. Mid-Atlantic Settlement Services, Inc., 256 F.Supp.2d 1 (D.D.C. 2003); John Hancock Mut. Life Ins. Co. v. United Office & Prof'l Workers of Am., 93 F.Supp. 296 (D.C.N.J. 1950).

8.      However, only served defendants in a case must consent to removal; the consent of a defendant that has not been served is not necessary for removal.  P. P. Farmer's Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 547-48 (7th Cir. 1968); In re Pharmal. Indus. Avg. Wholesale Price Litig., 431 F.Supp.2d 109, 116-17 (D.Mass. 2006).

9.    Any defendant that has not been served with process prior to the filing of the petition does not lose its right to motion for remand after receiving service. 28 U.S.C. § 1448. *See* In re Pharmal. Indus. Avg. Wholesale Price Litig., *supra.  See also* Hooper v. Albany Intern. Corp., 149 F.Supp.2d 1315 (M.D. Ala. 2001); Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Protos Shipping, Inc., 472 F.Supp. 979 (N.D. Ill. 1979).

10.    Defendant Reddam has not been served in this case and, therefore, his consent for removal is not necessary.

11.    The complaint filed by the Attorney General alleges that the Defendants, via a "sham" relationship with First Bank and Trust of Milbank (the "Bank"), a state-chartered bank headquartered in Milbank, South Dakota, have violated various provisions of the West Virginia Consumer Credit and Protection Act (hereinafter "WVCCPA"), W. VA. CODE §§ 46A-1-101, *et seq.*, by allegedly:

    a.    Failing to comply with a subpoena issued by the Attorney General on August 30, 2007 pursuant to its investigatory powers under the WVCCPA. ("First Cause of Action.")

    b.    Making consumer loans without a license, by serving as the de facto lender in transactions with West Virginia Consumers without a business registration certificate from the state tax department. ("Second Cause of Action.")

    c.    Making usurious loans by means of making loans in which the interest rates exceeded the maximum amount prescribed by the WVCCPA. ("Third Cause of Action.")

    d.    Obtaining extensions of credit or providing advice or assistance to consumers with regard to extensions of credit without complying with state registration requirements, obtaining a surety bond or establishing a surety account, or furnishing consumers with a disclosure statement or contract containing the required terms and provisions. ("Fourth Cause of Action.")

    e.    Threatening garnishment of wages in order to collect or attempt to collect alleged debts without informing the consumer that there must be in effect a judicial order permitting such garnishment. ("Fifth Cause of Action.")

f.   Threatening to take action prohibited by the WVCCPA and other laws, including threatening to commence arbitration proceedings without any intention of doing so. ("Sixth Cause of Action.")

g.   Harassing consumers repeatedly or continually by telephone at their homes, on their cell phones, and at their places of employment, with the intent to annoy, abuse, oppress, or threaten them. ("Seventh Cause of Action.")

h.   Unreasonably publishing information related to alleged indebtedness of consumers by calling persons listed as references on loan applications as well as other third parties, with the result of disclosure of the indebtedness to third parties. ("Eighth Cause of Action.")

i.   Collecting, attempting to collect, or representing an intention to collect a debt collector's fee or charge for services rendered in connection with threatened field visits to consumers at their places of employment. ("Ninth Cause of Action.")

j.   Unjustifiably contacting third parties, including supervisors, administrative personnel, or other third parties at consumers' places of employment under the guise of obtaining location information about consumers. ("Tenth Cause of Action.")

12.   As part of his relief, the Attorney General seeks, among other things, the assessment of civil penalties, injunctive relief, restitution, and attorney's fees and costs. (Compl. pp. 20-21.)

13.   This Court has federal question jurisdiction over this civil action and the claims asserted by the Attorney General pursuant to 28 U.S.C. § 1331 because, contrary to the Attorney General's characterization in the Second Cause of Action, each and every claim concerns consumer loans made in West Virginia by the Bank, for which CashCall acted as a Marketing Agent pursuant to contract and in accordance with section 27 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C.A. § 1831d, and the Bank Service Company Act, 12 U.S.C.A. §1861 *et seq.* Federal law is clear that where, as here, a bank determines to make a loan, uses its money to fund the loan, and disburses the loan proceeds, the bank--and not any agent acting on its behalf-- is the true lender. *See, e.g., Cades v. H&R Block*, 43 F.3d 869 (4th Cir. 1994).

4

14.    As a consequence of the primary role taken by the Bank in underwriting, approving, and funding the loans, and of CashCall's role as Marketing Agent to the Bank, Causes of Action One through Ten are preempted on several grounds including the following:

a.    Federal law empowers state-chartered, FDIC-insured banks such as the Bank to export the interest rates of their home state, and matters material to the determination of that rate. 12 U.S.C.A. § 1831d (West 2007).  Federal law further empowers the bank to engage agents, such as CashCall, to perform activities authorized by federal law.  12 U.S.C.A. § 1867(c) (West 2007).  These statutes expressly preempt state law. *See* 12 U.S.C.A. § 1831d.

b.    The Bank Service Company Act treats the acts of an agent such as CashCall as the acts of the bank and requires the agent to be supervised by the FDIC.  *See* 12 U.S.C.A. § 1867(c) (services performed by the agent are "subject to regulation and examination by [the appropriate Federal banking agency] to the same extent as if such services were being performed by the bank itself on its own premises.").

c.    Fourth Circuit case law mandates the application of federal statutes and regulations to entities like CashCall that assist a regulated bank's operations.  *Discovery Bank v. Vaden*, 489 F.3d 594 (4th Cir. 2007) (usury claims alleged against a bank's agent are completely preempted by the FDIA, because the real party in interest is the bank); *see also Republic Bank & Trust Co. v. Kucan*, 245 Fed.Appx. 308 (4th Cir. 2007).

d.    The WVCCPA, which underpins each of the Causes of Action, expressly exempts Federally-regulated banks--such as the Bank--and loans--such as the loans at issue in the Attorney General's Causes of Action.  *See* W. VA. CODE § 46A-4-102(2) (exempting from the WVCCPA's licensing requirements a "supervised financial institution"); W. VA. CODE §

46A-1-102(38) (defining regulated consumer loans under the statute to exclude federally regulated consumer loans).

15.     In addition to being expressly preempted as set forth above, the West Virginia statutes relied upon in the First through Tenth Causes of Action are preempted by operation of conflict preemption, under which a state statute is preempted if it stands as an obstacle to the objectives of Congress (*see, e.g.*, *Fidelity Savings and Loan Ass'n v. De La Cuesta*, 458 U.S. 141 (1982)) and by complete preemption, under which a federal cause of action completely supplants a state law cause of action (*see, e.g.*, *Vaden*, 489 F.3d at 606-07).

16.     Accordingly, federal question jurisdiction and removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441(b).

17.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, orders, and other relevant documents which require action by this Court, and a certified copy of the docket sheet from the Circuit Court of Kanawha County, West Virginia, are attached hereto as Exhibit A.

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Kanawha County, West Virginia, and written notice of removal is being provided to plaintiff.

19.     This Court is the District Court embracing Kanawha County where the civil action is currently pending. L. P. Civ. P. 77.02.

20.     CashCall reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant CashCall, Inc. respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Circuit Court of Kanawha County, West Virginia.

**CASHCALL, INC.**

**By Spilman Thomas & Battle, PLLC**

Bruce M. Jacobs (WV State Bar No. 6333)
Alexander Macia (WV State Bar No. 6077)
PO Box 273
Charleston, WV  25321-0273
304.340.3800
304.340.3801 (*facsimile*)

7

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**STATE OF WEST VIRGINIA ex rel.**
**DARREL V. McGRAW, JR.,**
**ATTORNEY GENERAL,**

      **Plaintiff,**

**v.**                                   **Civil Action No.** _____

**CASHCALL, INC., and**
**J. PAUL REDDAM, in his capacity as**
**President and CEO of CashCall, Inc.,**

      **Defendants.**

### CERTIFICATE OF SERVICE

I, Bruce M. Jacobs, counsel for CashCall, Inc., do hereby certify that the foregoing

**Notice of Removal** was served upon parties of interest on this 17th day of November, 2008, by

United States Mail, postage prepaid, addressed as follows:

                      Norman Googel, Esquire
                      Assistant Attorney General
                      Office of the Attorney General
                      812 Quarrier Street
                      Charleston, WV  25326-1789
                      ***Counsel for Plaintiff***

_____
Bruce M. Jacobs (WV Bar No. 6333)